IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                      Case No. 2:13-cr-20044

MICHAEL WILLIAM BATES                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendant Michael William Bates's motion for early termination of supervised release (Doc. 2) and brief in support (Doc. 3), as well as the Government's response in opposition (Doc. 4). Defendant requests that the Court exercise its discretionary authority pursuant to 18 U.S.C. § 3583(e)(1) to terminate Defendant's five-year term of supervised release now that Defendant has completed more than one year of that term. Defendant's term of supervised release commenced on April 12, 2011, following the completion of a 240-month term of imprisonment for conspiring to possess and distribute a quantity of marijuana. *See* Docs. 1-1 & 1-2.

As grounds for early termination of his term of supervised release, Defendant asserts he has "fully complied with the Honorable Court's terms of supervision, fully obeying the law, holding steady employment, supporting himself, and fully complying with the requirements of the Probation Department." (Doc. 2, p. 1). The Government opposes granting Defendant's motion based on the serious nature of the offense for which Defendant was convicted and the fact that Defendant "has not alleged any good grounds for terminating his supervised release." (Doc. 4, p. 1).

The Court is afforded "broad discretion" to decide whether a term of supervised release should be terminated. *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004). Pursuant to 18 U.S.C. § 3583(e)(1), a district court may, after considering the factors set forth in § 3553(a), terminate a term of supervised release at any time after the expiration of one year of the term "if [the

-1-

court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  However, if a district court decides to deny a motion for early termination of supervised release, the Eighth Circuit has held that such denial may be issued in summary fashion, without the need for a detailed explanation.  *United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013).

After considering the briefing of the parties and the sentence issued by the trial court in this matter, the Court finds that Defendant has presented no compelling reason for the early termination of his term of supervised release.  Therefore, Defendant's motion (Doc. 2) is DENIED.

IT IS SO ORDERED this 20th day of August, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE